IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KATHLEEN HEMINGWAY on behalf
of Daniel Hemingway,**

  **Plaintiff,**

vs.          Civil Action 2:07-CV-27
             Judge Holschuh
             Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

  **Defendant.**

## OPINION AND ORDER

The named plaintiff in this action is the widow of Daniel Hemingway, now deceased, whose application for disability insurance benefits was denied by the Commissioner of Social Security. On February 21, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner be affirmed and that this action be dismissed. Doc. No. 15. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* which the Court will consider *de novo.* 28 U.S.C. §636(b). Doc. No. 16.

In her decision, the administrative law judge found that Daniel Hemingway was disabled beginning in July 2004, when he suffered a massive heart attack, until his death two months later. Prior to that time, however, he could perform a significant number of light jobs despite a variety of severe impairments, both exertional and non-exertional. Accordingly, the administrative law judge concluded that Daniel Hemingway was not disabled within the meaning of the Social

Security Act prior to July 7, 2004.[1]

This Court's review of the decision of the Commissioner is limited to a consideration of whether the administrative law judge applied the correct legal standards and whether there is substantial evidence in the record to support the findings of the administrative law judge. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). Moreover, the findings of fact of the Commissioner, "if supported by substantial evidence, shall be conclusive. ..." 42 U.S.C. §405(g).

In her objections, plaintiff contends, once again, that the administrative law judge erred in failing to follow the treating physician rule. In making this argument, plaintiff appears to focus primarily on Mr. Hemingway's ability to stand or walk. Plaintiff also argues that the administrative law judge erred in her credibility determination.

"Generally, the opinions of treating physicians are given substantial, if not controlling, deference." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 396 (6th Cir. 2004). However, "[t]he treating physician's opinion must be supported by sufficient medical data." *Jones v. Comm'r of Sec. Sec.*, 326 F.3d 469, 477 (6th Cir. 2003). If the opinion is not supported by objective medical evidence, the administrative law judge may discredit that opinion, so long as the administrative law judge sets forth a reasoned basis for rejecting the opinion. *Id.* In doing so, however, the administrative law judge must consider the length of the

---

[1] The administrative law judge also found that plaintiff was not entitled to benefits even after July 7, 2004, because he did not complete the 5-month waiting period prior to his death. A.R. 41.

2

treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, the specialization of the treating source and other factors that tend to support or contradict the opinion. 20 C.F.R. §404.1527(d)(2)(i-ii),(b)(3-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Bharati Deka, M.D., was Daniel Hemingway's treating internist since November 2002. In October 2003, Dr. Deka completed a residual functional capacity assessment on a form provided by Mr. Hemingway's disability counsel. Dr. Deka diagnosed diffuse osteoarthritis and stenosing tenosynovitis of the hands. According to Dr. Deka, Mr. Hemingway, *inter alia,* could frequently lift and carry up to 20 pounds, could sit for 8 hours, but could stand and walk for no more than 1 hour. A.R. 156. Included in Dr. Deka's records is the notation that, although Celebrex did not alleviate Mr. Hemingway's pain, Ibuprofen did. A.R. 174.

In December 2003, Mr. Hemingway underwent a consultative orthopedic evaluation by Stephen Nutter, M.D., a specialist in occupational medicine, at the request of the state agency. Mr. Hemingway reported a great deal of pain. A.R. 202-03. On clinical examination, however, Mr. Hemingway had a normal gait; straight leg raising was limited bilaterally by pain. Sensory and motor modalities were essentially intact. A.R. 206. Dr. Nutter diagnosed, *inter alia,* osteoarthritis and chronic lumbosacral strain without evidence of radiculopathy. *Id.* In evaluating Mr. Hemingway's ability to perform work-related activities, Dr. Nutter indicated, *inter alia,* that Daniel Hemingway's ability to stand is "moderately to severely impaired because

3

of pain and joint pain." A.R. 206-07.

February 2004 x-rays of the lumbar spine documented osteoarthritis and facet degenerative joint disease at L4-S1. A.R. 544.

State agency physicians who reviewed the record in early 2004 expressed their opinion that Daniel Hemingway could occasionally lift and carry up to 20 pounds, and could, *inter alia,* stand and/or walk with normal breaks for about 6 hours. The state agency physicians expressly took into account Daniel Hemingway's complaints of pain. A.R. 226.

Plaintiff's widow testified that her husband used only over the counter pain medication for his complaints of pain, explaining that he feared the possible effect of stronger medication on his liver. A.R. 559.

In her decision, the administrative law judge found that, despite his severe impairments, Daniel Hemingway nevertheless had the residual functional capacity to occasionally lift and carry up to 20 pounds and, *inter alia,* stand and/or walk with normal breaks for a total of about 6 hours throughout an 8-hour workday.

The Court initially notes that the administrative law judge did not, as plaintiff contends in her objections, "simply accept the treating physician's opinion in some respects but rejected in others without explanation. ..." *Objections,* at 2. She rejected most of Dr. Deka's assessment as "inconsistent with the objective medical evidence from August 31, 2002 to July 6, 2004; it appears to be based on the claimant's subjective complaints; it is inconsistent with the claimant's relatively extensive activities of daily living and course of treatment." A.R. 39. To the extent that Dr. Nutter's consultative evaluation was more restrictive than the residual functional capacity found by her, the administrative law judge rejected that opinion as "inconsistent with the

4

record as a whole, including the objective medical evidence, the claimant's relatively extensive activities, and his course of treatment. ..." *Id.*

As previously noted, plaintiff now appears to focus primarily on Daniel Hemingway's ability to stand or walk; she contends that Dr. Deka's assessment that plaintiff could stand or walk no more than 1 hour throughout an 8-hour workday, *A.R.* 156, and Dr. Nutter's assessment that Mr. Hemingway's ability to stand "is moderately to severely impaired because of pain and joint pain," *A.R.* 206-07, should have been credited by the administrative law judge. However, the state agency physicians who reviewed all of the medical evidence of record expressed their opinions that Daniel Hemingway could stand and/or walk with normal breaks for about 6 hours, despite the pain likely to result from his documented medical conditions. *A.R.* 224-226. Moreover, Dr. Deka's treatment notes focused primarily on problems with Daniel Hemingway's hands, as did his widow's testimony. He remained relatively active, as evidenced by the tractor accident that resulted in his broken right arm. Moreover, Dr. Deka's treatment notes and his widow corroborated the fact that plaintiff used only non-prescription, over-the-counter pain medication.

This Court agrees that the administrative law judge evaluated the physicians' statements and assessments by reference to the proper standards and provided good reasons for failing to credit most of Dr. Deka's assessment and a portion of Dr. Nutter's assessment.

Plaintiff again renews in her objections her challenge to the administrative law judge's credibility determination. Plaintiff specifically objects, in light of references in the record to prescription pain medication, to the administrative law judge's

5

characterization of Daniel Hemingway's treatment as conservative. The fact remains that, regardless of those prescriptions, Mr. Hemingway used only over-the-counter, non-prescription pain medication. Moreover, even Dr. Deka's treatment notes indicated that Ibuprofen was more effective in controlling plaintiff's pain than at least one of those prescribed medications. *A.R.* 174.

Again, the administrative law judge applied the appropriate standards in making her credibility determination and those determinations enjoy substantial support in the record. Her credibility determinations may not, under the circumstances, be rejected by this Court merely because the record could also support a contrary determination.

Having carefully reviewed the record, the Court concludes that the decision of the administrative law judge enjoys substantial support in the record and must therefore be affirmed. Plaintiff's objections to the *Report and Recommendation* are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

The decision of the Commissioner of Social Security is **AFFIRMED** and this action is hereby **DISMISSED**.

The Clerk shall **ENTER FINAL JUDGMENT** pursuant to Sentence 4, 42 U.S.C. §405(g).

3-11-08

John D. Holschuh, Judge
United States District Court

6